1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JEFFREY L. DRYDEN, | ) | |
|       Plaintiff, | ) | Case No.  2:13-cv-00973-JAD-CWH |
| vs. | ) | **ORDER** |
| TAD R. MCDOWELL, et al., | ) | |
|       Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#1), filed June 3, 2013, and Plaintiff's Motion to Amend/Correct Complaint (#3), filed October 17, 2013.

**BACKGROUND**

Plaintiff alleges that Tad. R. McDowell violated his constitutional rights.  Plaintiff seeks damages under 42 U.S.C. § 1983.  The complaint is vague on specifics, but it appears Plaintiff is alleging that Mr. McDowell, who is employed by the Nevada System of Higher Education as the Director of Parking and Transportation Services, violated his constitutional rights by certain actions undertaken in his official capacity.  *See* Amended Compl. (#3-1) ¶ 6.  Plaintiff sets forth a series of conclusory allegations regarding what he believes is a practice of discrimination against out-of-state university students by university parking enforcement.  The complaint alleges that parking enforcement personnel target out-of-state students for purposes of issuing "phantom" and "third-party" parking tickets without any process for appeal.  If the fines associated with the "phantom" and "third-party" parking tickets are not paid, it is alleged that they are tacked onto the student account of a student whose vehicle license plate is similar to that of the ticketed vehicle.  If the

1  targeted student refuses to pay the "phantom" or "third-party" ticket, university police officers seek
2  to coerce payment.  Plaintiff alleges he was a victim of this scheme and seeks damages under
3  section 1983 for the alleged violation of due process, equal protection, and discrimination against
4  out-of state citizens.  He also seeks damages for the torts of negligence and the intentional infliction
5  of emotional distress.

6  ## DISCUSSION

7  ### I.    Application to Proceed In Forma Pauperis

8      Plaintiff filed this instant action and attached a financial affidavit as required by 28 U.S.C. §
9  1915(a).  After review, the Court finds that Plaintiff is unable to pre-pay the filing fee.  As a result,
10 Plaintiff's request to proceed *in forma pauperis* is granted.  The undersigned notes, however, that
11 significant time has passed since the initial request to proceed *in forma pauperis* was filed.
12 Accordingly, the Court will require the Plaintiff to submit an updated application.

13 ### II.   Screening the Complaint

14     Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint
15 pursuant to 28 U.S.C. § 1915(e).  Federal courts are given the authority to dismiss a case if the
16 action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or
17 seeks monetary relief from a defendant/third-party plaintiff who is immune from such relief.  28
18 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a
19 claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no
20 set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968
21 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a
22 nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28
23 (1989).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level
24 of the irrational or the wholly incredible, whether or not there are judicially noticeable facts
25 available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  If a court dismisses a
26 complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with
27 directions as to curing its deficiencies unless it is clear from the face of the complaint that the
28 deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th

1   Cir. 1995).

2          The Court applies the same standard in screening under section 1915 as is applied on

3   motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Review under Rule 12(b)(6) is essentially a

4   ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th

5   Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot

6   prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v.*

7   *Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all

8   allegations of material fact stated in the complaint, and the court construes them in the light most

9   favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

10  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings

11  drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519,

12  520 (1972) (per curiam).

13         While the standard under Rule 12(b)(6) does not require detailed factual allegations, a

14  plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550

15  U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.

16  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A reviewing court should "begin by

17  identifying pleadings [allegations] that, because they are no more than mere conclusions, are not

18  entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950

19  (2009).  "While legal conclusions can provide the framework of a complaint, they must be

20  supported with factual allegations."  *Id.*  "When there are well-pleaded factual allegations, a court

21  should assume their veracity and then determine whether they plausibly give rise to an entitlement

22  to relief.  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] a context-

23  specific task that requires the reviewing court to draw on its judicial experience and common

24  sense."  *Id.*  Finally, all or part of a complaint may be dismissed *sua sponte* if the claims lack an

25  arguable basis either in law or in fact.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see*

26  *also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

27         Plaintiff seeks damages for the alleged violation of his constitutional rights pursuant to 42

28  U.S.C. § 1983.  To establish a cognizable claim under section 1983, a plaintiff must allege two

3

elements: (1) that the defendant violated a right secured by the Constitution and law of the United States, and (2) that the defendant was acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also e.g. Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). It appears Plaintiff is seeking restitution and damages, including punitive damages, for parking fines attributed to him by Tad R. McDowell, the Director of Parking and Transportation Services for the Nevada System of Higher Education. Plaintiff seeks relief against Mr. McDowell for actions undertaken in his official capacity.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State." U.S. Const. Amend. XI. As stated *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996), "the Eleventh Amendment [] stand[s] not so much for what it says, but for the presupposition . . . which it confirms. *Id*. at 54 (citations omitted). The presupposition that: (1) each State is a sovereign entity within our federal system, and (2) that it is inherent in the nature of a sovereign not to be amenable to the suit of an individual without its consent. *Id*. As a result, Eleventh Amendment immunity bars Plaintiff from bringing claims for monetary damages in section 1983 actions against a state or its officials acting in their official capacities unless the state has waived, or Congress has otherwise abrogated, the immunity. *Gamage v. Nevada ex. rel. Board of Regents of Nevada System of Higher Educ.*, 2014 WL 250245 (D. Nev.) (citing *Seminole*, 517 U.S. at 56; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). The State of Nevada has explicitly refused to waive its Eleventh Amendment immunity. *See* Nev. Rev. Stat. 41.031(3); *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982), *cert. denied*, 459 U.S. 1071 (1982). Eleventh Amendment immunity extends to state instrumentalities and agencies, *Edelman v. Jordan*, 415 U.S. 651, 663 (91974), and the university system in Nevada is a state instrumentality or agency within the meaning of the Eleventh Amendment. *Gamage*, 2014 WL 250245 *7; *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 883 n. 17 (9th Cir. 2004) (noting that the Nevada System of Higher Education is immune from suit under the Eleventh Amendment). Eleventh Amendment immunity extends to officials sued in their official capacities because such is not a suit against the official, but rather is a

4

1    suit against the official's office.  *Will*, 491 U.S. at 71.

2        Based on the foregoing, Plaintiff's claim for monetary damages under section 1983 must be

3    denied.  The only individual sued is identified as the Director of Parking and Transportation

4    Services for the Nevada System of Higher Education.  He is sued in his official capacity.

5    Consequently, he is immune from suit under the Eleventh Amendment.  The Eleventh Amendment

6    also prohibits federal court pendant jurisdiction over state law claims against state officials sued in

7    their official capacity.  *Allen v. Clark County Detention Center*, 2012 WL 2930074 (D. Nev.)

8    (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).  Consequently, all state

9    law claims must be dismissed because they are raised only against Defendant McDowell in his

10   official capacity.

11       Plaintiff does allege that the conduct continues and poses "a risk of imminent harm to

12   plaintiff."  Amend. Compl. (#3-1) at ¶ 17.  He demands injunctive relief in the form of an order

13   precluding the future use of "third-party" and "phantom parking" citation methods.  He also seeks

14   injunctive relief in the form of an order precluding the use of law enforcement officer to collect

15   civil parking fines at the university.  The Eleventh Amendment does not bar actions for prospective

16   declaratory or injunctive relief against state officers in their official capacities for alleged violations

17   of federal law.  *See e.g. Ex Parte Young*, 209 U.S. 123, 155-56 (1908); *Alden v. Maine*, 527 U.S.

18   706, 747 (1999).  The individual official sued must "have some connection" with the alleged

19   violative action.  *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir.

20   2012) (citation omitted).  The connection "must be fairly direct; a generalized duty to enforce state

21   law or general supervisory power over the person responsible for enforcing the challenged

22   provision will not subject an official to suit."  *Id*. (citation omitted).

23       The Court must dismiss the complaint in its current form as to the requested prospective

24   injunctive relief.  Plaintiff complaint indicates that he has paid the fees and fines that were levied.

25   Therefore, there is no prospective relief to be had.  *Verizon Maryland, Inc. v. Public Service*

26   *Com'm of Maryland*, 535 U.S. 635 (2002) (in determining whether prospective injunctive relief

27   under *Ex Parte Young* is appropriate, an ongoing violation of federal law must be alleged and the

28   relief sought must properly be characterized as prospective).  Additionally, Plaintiff's complaint is

impermissibly vague as it set forth a conclusory allegations regarding a practice of discrimination against out-of-state university students by university parking enforcement.  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff's complaint is a series of cursory allegations with no identified connection to state law or university regulation, and it is devoid of any dates or information that would allow Defendant to formulate an adequate response.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#1) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit an updated application to proceed *in forma pauperis* in light of the time that has passed since his original application was filed.  The Clerk shall send Plaintiff a blank copy of the *in forma pauperis* application for non-incarcerated individuals.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend his Complaint (#3) is **granted**.

**IT IS FURTHER ORDERED** that Clerk shall file Plaintiff's Complaint (#3-1).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed without prejudice**. Plaintiff shall have until **Friday, April 25, 2014** to submit an updated *in forma pauperis* application and an amended complaint that addresses the deficiencies set forth herein.  The failure to submit a new application or amended complaint will result in a recommendation that this action be **dismissed with prejudice** and the case closed.

DATED: March 25, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**